

Sara Isaacson

420 Lexington Avenue, Suite 1830
New York, New York 10170-1830
Main:  212.392.4772
Direct:  212.738.9358
sara@lipskylowe.com

www.lipskylowe.com

July 26, 2022

MEMORANDUM ENDORSED

VIA ECF
The Honorable Gabriel W. Gorenstein, U.S.M.J.
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>Kelly Gribeluk v. Network Capital Funding Corporation, 1:21-cv-08177</u>

Dear Judge Gorenstein:

    We represent the Plaintiff. We write, in accordance with Your Honor's Individual Practices Rule 2(A), to respectfully request a pre-motion conference for Plaintiff's anticipated motion to request that the scope of discovery for the extended discovery period not be limited.

    On July 6, 2022, Defendant requested a 60-day discovery extension for the limited purpose of (1) Plaintiff taking the Fed. R. Civ. P. 30(b)(6) deposition, and (2) Defendant possibly deposing Plaintiff again based on any documents produced after her deposition. *See* Dkt. No. 30. Plaintiff had originally asked Defendant whether it agreed to a 60-day extension, and consented to the 60-day extension, but did not agree that it should be limited to what Defendant proposed. On July 7, therefore, Plaintiff submitted a letter response to Defendant's request explaining why discovery should not be limited in scope. *See* Dkt. No. 31. Specifically, Plaintiff explained that she intends to depose at least three non-party witnesses: Justin Bunkis, Nicole Ospina and Dennis Fitzgerald and that she has not yet deposed those three individuals because we intend to first take the 30(b)(6) deposition, as that testimony will most likely provide a useful foundation to depose those individuals. She also requested that discovery not be limited because it is reasonably foreseeable Plaintiff may learn of additional people to be deposed when taking the 30(b)(6) deposition.

    On July 8, 2022, Judge McMahon granted Defendant's request for a discovery extension. *See* Dkt. No. 32. The Order, however, did not reference Plaintiff's July 7 letter. Plaintiff, accordingly, submitted a letter inquiring whether the Court had denied Plaintiff's relief or if the Order was entered before the Court had an opportunity to review Plaintiff's July 7 letter. *See* Dkt. No. 34. On July 8, Defendant submitted a letter stating that it objected to Plaintiff's request for discovery not to be limited because Plaintiff failed to previously mention that she intended to take the non-party witnesses' depositions despite Defendant



Hon. Gabriel W. Gorenstein, U.S.M.J.
July 26, 2022
Page 2 of 2

listing these non-party witnesses in its initial disclosures and that any delays in discovery were caused by Plaintiff. Plaintiff, however, did not previously mention that she intended to take these depositions because she first intended to take Defendant's 30(b)(6) deposition. Further, while Defendant is correct in that these individuals are listed in Defendant's initial disclosures, one of them is also identified in Plaintiff's initial disclosures and all of them are identified in Plaintiff's February 18, 2022 Interrogatory responses. It therefore should come as no surprise to Defendant that Plaintiff believes that these individuals have relevant information and deposing them would not unduly prejudice Defendant. Further, the delays in discovery were caused by Plaintiff counsel observing a Jewish holiday and Plaintiff moving to a new house – both of which are justifiable.

On July 11, 2022, Judge McMahon directed the parties to take this dispute to Your Honor. The parties met and conferred about this issue before bringing it before Your Honor. On July 20, 2022 at 12:00 p.m., in accordance with Your Honor's Individual Practices, Defense counsel, Justin Reiter, and I met and conferred over the phone for approximately 8 minutes. During the conversation, Mr. Reiter confirmed that Defendant objected to Plaintiff's request to not limit the scope of discovery for the reasons set forth in its July 8 letter. I informed him that I believed that parties were at an impasse and that Plaintiff would, accordingly, be requesting a conference with the Court. Plaintiff, accordingly, requests a pre-motion conference for her anticipated motion to request that discovery not be limited.

We thank the Court for its time and attention to this matter.

Respectfully Submitted,
LIPSKY LOWE LLP


s/ Sara J. Isaacson
Sara J. Isaacson

CC:    All Counsel of Record (via ECF)


Inasmuch as the plaintiff acted in good faith by waiting until the plaintiff's deposition was concluded and defendant's deposition was taken before conducting the other depositions, and inasmuch as Judge McMahon has ordered that the discovery period be extended anyway, the Court finds that the plaintiff has shown good cause for using the extended discovery period to conduct the 30(b)(6) deposition of defendant and to depose the three non-parties named in this letter.  The parties should schedule these depositions as soon as possible and without regard to the timing of any additional deposition of the plaintiff.  Given the fact, however, that plaintiff has not been as diligent she should have been in pursuing depositions or fulfilling her discovery obligations, the plaintiff is limited to deposing the defendant and the three non-parties identified in her letter.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge
July 29, 2022